IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

EQT PRODUCTION COMPANY,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:16-cv-00290
                                                   (Judge Copenhaver)

MATTHEW D. WENDER, in his official capacity
as President of the County Commission
of Fayette County, West Virginia,
DENISE A. SCALPH, in her official capacity
as a Commissioner of the County Commission
of Fayette County, West Virginia, and
JOHN H. LOPEZ, in his official capacity
as a Commissioner of the County Commission
of Fayette County, West Virginia.

    Defendants,

## TEMPORARY RESTRAINING ORDER

On January 13, 2016, Plaintiff EQT Production Company ("EQT") filed a ~~Verified~~ Complaint against the Defendants, seeking declaratory and injunctive relief with respect to the "Ordinance Banning the Storage, Disposal, or Use of Oil and Natural Gas Waste in Fayette County, West Virginia," adopted and promulgated by vote of the County Commission of Fayette County, West Virginia, on January 12, 2016. Specifically, EQT avers that the ordinance forbids EQT's otherwise lawful operation of producing oil and gas wells and an Underground Injection Control ("UIC") well owned and operated by EQT in Fayette County. The producing oil and gas wells and the UIC well were permitted under regulatory programs administered by the West Virginia Department of Environmental Protection ("WVDEP"). EQT maintains that the Ordinance is preempted by federal and state laws; that the Commission's enactment of the Ordinance was in excess of its statutory authority; and that the Ordinance effects an

{B2410236.2}

unconstitutional taking of EQT's property and impairment of its contracts under the United States and West Virginia Constitutions. ECF No. 1.

On the same day it instituted this action, EQT filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). ECF No. 2. On January 14, 2016, EQT served a Notice of Hearing on the Motion, to be held on January 19, 2016 at 10:00 a.m. ECF No. 7.

Having reviewed the ~~Verified~~ Complaint and Motion, supporting exhibits and memorandum of law, and having conducted a hearing on the Motion on January 19, 2016, the Court GRANTS a Temporary Restraining Order for the reasons stated below:

Findings of Fact

For the purpose of ruling on the Motion, the Court accepts the following factual allegations as true, as set forth in the ~~Verified~~ Complaint or as asserted at the hearing and conceded to be undisputed:

1. Defendants Matthew D. Wender, Denise A. Scalph, and John H. Lopez, each in their official capacities as Commissioners of the Fayette County Commission (collectively the "Commission"), enacted Ordinance No. 2015-001 ("Ordinance") on January 12, 2016. ECF No. 1-1.

2. The Ordinance appears to prohibit and criminalize activities associated with the production of oil and gas within the boundaries of Fayette County, West Virginia.

3. EQT operates over 200 producing oil and gas wells and one UIC well in Fayette County. The gas wells produce water and associated fluids in conjunction with oil and gas production.

Water and associated fluids are separated at the well and placed in tanks. The fluid in the tanks is periodically collected and transported to the UIC well for disposal.

4. EQT was permitted to operate its oil and gas wells and UIC well in Fayette County under permits issued to it by the WVDEP pursuant to the West Virginia Oil and Gas Act, *W. Va. Code* § 22-6-1, et seq. ("Oil and Gas Act") and (as to the UIC well) under the federal Safe Drinking Water Act ("SDWA"), 42 U.S.C. § 300f, *et seq.*, as administered by the WVDEP under the authority granted in the West Virginia Water Pollution Control Act, *W. Va. Code* § 22-11-1, et seq.

## Standard of Review

Injunctive relief "is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants[,]…on a temporary basis, the relief that can be granted permanently after trial[.]" *The Real Truth About Obama, Inc. v. FEC,* 575 F.3d 342, 345 (4th Cir. 2009), vacated on other grounds, *Citizens United v. FEC*, 558 U.S. 310 (2010) and reissued as to Parts I & II, *The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010) (*per curiam*). A party seeking an injunction must establish four factors:

    (1) that he is likely to succeed on the merits;

    (2) that he is likely to suffer irreparable harm in the absence of preliminary relief;

    (3) that the balance of equities tips in his favor; and

    (4) that an injunction is in the public interest.

*Id.* at 346. Each of these elements must be established by a "clear showing" before an injunction will issue. *Id.*

## Conclusions of Law

1. For the reasons stated in EQT's ~~Verified~~ Complaint, and as more fully discussed at the hearing, EQT has made a clear showing that it is likely to succeed on the merits on one or more of its claims. EQT is likely to prevail as a matter of law with respect to its claim that the Ordinance is preempted by the Oil and Gas Act, which grants exclusive authority to regulate in the area of oil and gas development activities to the WVDEP. EQT is also likely to prevail on the claim that the Ordinance is preempted by the SDWA and WVDEP's approved regulatory program that implements the UIC provisions of the SDWA.

2. For the reasons stated in EQT's ~~Verified~~ Complaint, and as more fully discussed at the hearing, EQT has made a clear showing that it is likely to suffer immediate and irreparable injury or loss before the Court makes its final ruling on the request for permanent injunctive relief. The Ordinance purports to grant the Commission authority to civilly and criminally prosecute those believed to be in violation of the Ordinance, to seek imposition of a fine up to $5,000,000, and to obtain injunctive relief prohibiting further violations of the Ordinance. The Ordinance also purports to authorize "citizen suits" by residents of Fayette County seeking to enforce the Ordinance. To comply with the Ordinance, EQT would be required to shut-in its wells and remove the tanks located at the well sites for collection of water and associated fluids produced from the wells, and discontinue operation of the UIC well. It is unlikely that EQT could be fully compensated for the losses it would incur from having to shutdown its producing oil and gas wells and its UIC Well in order to avoid these penalties, and its remedy at law is inadequate. In addition, EQT argues ~~it is well settled~~ that unauthorized interference with a real property interest constitutes irreparable harm as a matter of law.

*SWN Prod. Co., LLC v. Edge*, No. 5:15CV108, 2015 U.S. Dist. LEXIS 133008 (N.D.W. Va. Sep. 30, 2015) (citing *7-Eleven, Inc. v. Khan*, 977 F.Supp.2d 214, 235 (E.D.N.Y. 2013)).

3. EQT has made a clear showing that the balance of equities tips in EQT's favor. The Commission has not shown that it will be harmed significantly if enforcement of the Ordinance is temporarily enjoined hereunder. EQT would suffer substantial injury if its operations were enjoined through enforcement of the Ordinance.

4. EQT has made a clear showing that an injunction is in the public interest. As described in the Complaint and discussed at the hearing, requiring that EQT cease its oil and gas production activities threatens to harm EQT and its employees, and EQT argues, all residents of the State who use the gas produced by EQT at the wells in question. It is also in the public interest that EQT and oil and gas operators in a similar position as EQT should not be at risk of prosecution or other enforcement action under an Ordinance that is likely to be deemed invalid on one or more grounds.

Based on the above findings, the Court GRANTS the Motion and the Court ORDERS as follows:

A. The Commission is enjoined from taking any action seeking to enforce any provision of the Ordinance pending further Order of this Court.

B. This Order is binding on the officers, agents, servants, employees, and attorneys of the Commission and on other persons who are in active concert or participation with the Commission.

C. By agreement of the parties, this Order shall remain effective until 11:59:59 PM, February 11, 2016, unless further extended by the Court.

D. The Court will hold a hearing on further relief in this matter on February 11, 2016, at 10:00 a.m. The parties agree to the following schedule of submissions in advance of the hearing:

   a. By no later than January 29, 2016, the parties shall submit a Statement of Stipulated Facts;

   b. By no later than February 1, 2016, EQT shall submit a memorandum in support of its motion for preliminary injunctive relief;

   c. By no later than February 8, 2016, the Commission shall submit its memorandum in response to the EQT memorandum; and

   d. By no later than February 10, 2016, EQT shall submit its reply memorandum.

E. Within five (5) days from entry of this Order, EQT shall post a bond in the amount of $10,000.00 as security for costs and damages sustained by the Commission in the event it ~~in the event the Commission shall~~ be found to have been wrongfully enjoined.

The Clerk is directed to forward copies of this Order to all counsel of record and any unrepresented parties.

                                          Entered: January 20, 2016

                                          Judge: *[signature]*
                                                   John T. Copenhaver, Jr.
                                                   United States District Judge

Prepared by:

Plaintiff
By Counsel

*/s/ Timothy M. Miller*
Timothy M. Miller (W. Va. Bar No. 2564)
Christopher B. Power (W. Va. Bar No. 4286)
Babst Calland Clements and Zomnir, P.C.
BB&T Square
300 Summers Street, Suite 1000
Charleston, WV 25301
Phone: (681) 205-8888
Fax: (681) 205-8814
tmiller@babstcalland.com
cpower@babstcalland.com


Reviewed But Not Approved by:

Defendants
By Counsel

*/s/ Thomas A. Rist*
Thomas A Rist (W. Va. Bar No. 9100)
RIST LAW OFFICES
103 Fayette Avenue
Fayetteville, WV 25840
Phone: (304) 574-0222
Fax: (304) 574-0224
tom@helpwv.com

*/s/ Larry F. Harrah, II*
Larry F. Harrah, II (W. Va. Bar No. 10527)
FAYETTE COUNTY PROSECUTING ATTORNEYS OFFICE
108 East Maple Avenue
Fayetteville, WV 25840
Phone: (304) 574-4230
Fax: (304) 574-0228
harrahlaw@gmail.com