## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

EQT PRODUCTION COMPANY,

          Plaintiff,

v.                               CIVIL ACTION NO. 2:16-cv-00290
                                      (Judge Copenhaver)

MATTHEW D. WENDER, in his official capacity
as President of the County Commission
of Fayette County, West Virginia,
DENISE A. SCALPH, in her official capacity
as a Commissioner of the County Commission
of Fayette County, West Virginia, and
JOHN H. LOPEZ, in his official capacity
as a Commissioner of the County Commission
of Fayette County, West Virginia,

          Defendants.

## ANSWER TO COMPLAINT

      Defendants Matthew D. Wender, Denise A. Scalph, and John H. Lopez, by counsel, Rist

Law Offices, through Thomas A. Rist, and the Fayette County Prosecuting Attorney's Office,

through Fayette County Prosecutor Larry E. Harrah, II, hereby respond to the Complaint filed in

this matter as follows:

### FIRST DEFENSE

      1.      The Defendants deny the truth of the matters asserted in paragraph 1.

      2.      The Defendants are without sufficient information or knowledge upon which to

form a belief as to the truth of the allegations contained paragraph 2, and for that reason, the

Defendants deny the truth of the allegations set forth in this paragraph.

3.      The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 3, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

4.      The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 4, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

5.      The Defendants admit that EQT operates an underground injection control well in Fayette County and that this well appears to be permitted by the West Virginia DEP.  The Remainder of the allegations in this paragraph are denied.

6.      The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 6, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

7.      The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 7, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

8.      The Defendants admit the truth of the matters asserted in paragraph 8.

9.      The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 9, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

10.     The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 10, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

11.     The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 11, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

12.     The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 12, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

13.     The Defendants admit the truth of the allegations contained in paragraph 13.

14.     The Defendants admit that the Ordinance would prohibit EQT from operating the UIC well for the disposal of certain wastes.  The remainder of the allegations in paragraph 14 are denied.

15.     The Defendants admit the truth of the allegations contained in paragraph 15.

16.     The Defendants admit the truth of the allegations contained in paragraph 16.

17.     The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 17, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

18.     The Defendants deny the truth of the allegations contained in paragraph 18.

19.     The Defendants admit the truth of the allegations contained in paragraph 19.

20.     The Defendants admit that the purpose of the ordinance is to ban the practice of injection of waste into wells in Fayette County.  The remainder of the allegations in paragraph 20 are denied.

21.     The Defendants admit that the purpose of the ordinance is to ban the practice of injection of certain wastes into wells in Fayette County.  The remainder of the allegations in paragraph 21 are denied.

22.     The Defendants admit that the purpose of the ordinance is to ban the practice of injection of certain wastes into wells in Fayette County.  The remainder of the allegations in paragraph 22 are denied.

23.     The Defendants admit that the purpose of the ordinance is to ban the practice of injection of certain wastes into wells in Fayette County.  The remainder of the allegations in paragraph 23 are denied.

24.     The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 24, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

25.     The Defendants admit that the operation of a UIC well in Fayette County, West Virginia for the disposal of certain wastes would violate the Ordinance.  The remainder of the allegations in paragraph 25 are denied.

26.     The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 26, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

27.     The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 27, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

28.     The Defendants admit the truth of the allegations asserted in paragraph 28.

29.     The Defendants admit the truth of the allegations asserted in paragraph 29.

30.     The Defendants admit the truth of the allegations asserted in paragraph 30.

31.     The Defendants admit that the Ordinance contains a provision that allows citizens to commence a civil action and to recover costs of this litigation.   The remainder of the allegations in paragraph 31 are denied.

32.     The Defendants admit that the operation of a UIC well in Fayette County, West Virginia for the disposal of certain wastes would violate the Ordinance.  The remainder of the allegations in paragraph 32 are denied.

33.     The Defendants admit that the operation of a UIC well in Fayette County, West Virginia for the disposal of certain wastes would violate the Ordinance.  The remainder of the allegations in paragraph 33 are denied.

34.     The Defendants admit the truth of the allegations set forth in paragraph 34.

35.     The Defendants admit that the operation of a UIC well may lead to the penalties set forth in paragraph 35.  The remainder of the allegations are denied.

36.     The Defendants admit the truth of the allegations set forth in paragraph 36.

37.     Paragraph 37 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.   To the extent that any allegation was not responded to completely, such allegation is hereby denied.

38.     Paragraph 38 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 38 of the Complaint alleges facts, Defendants deny the truth of those allegations.

39.     Paragraph 39 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 39 of the Complaint alleges facts, Defendants deny the truth of those allegations.

40.     Paragraph 40 of the Complaint asserts conclusions of law to which no response is required.

41.     Paragraph 41 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 41 of the Complaint alleges facts, Defendants deny the truth of those allegations.

42.     Paragraph 42 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 42 of the Complaint alleges facts, Defendants deny the truth of those allegations.

43.     Paragraph 43 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 43 of the Complaint alleges facts, Defendants deny the truth of those allegations.

44.     Paragraph 44 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 44 of the Complaint alleges facts, Defendants deny the truth of those allegations.

45.     Paragraph 45 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 45 of the Complaint alleges facts, Defendants deny the truth of those allegations.

46.     Paragraph 46 of the Complaint asserts conclusions of law to which no response is required.

47.     Paragraph 47 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.  To the extent that any allegation was not responded to completely, such allegation is hereby denied.

48.     Paragraph 48 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 48 of the Complaint alleges facts, Defendants deny the truth of those allegations.

49.     Paragraph 49 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 49 of the Complaint alleges facts, Defendants deny the truth of those allegations.

50.     Paragraph 50 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 50 of the Complaint alleges facts, Defendants deny the truth of those allegations..

51.     Paragraph 51 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 51 of the Complaint alleges facts, Defendants deny the truth of those allegations.

52.     Paragraph 52 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 52 of the Complaint alleges facts, Defendants deny the truth of those allegations.

53.     Paragraph 53 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 53 of the Complaint alleges facts, Defendants deny the truth of those allegations.

54.     Defendants admit the truth of the allegations in paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 55 of the Complaint alleges facts, Defendants deny the truth of those allegations.

56.     Paragraph 56 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 56 of the Complaint alleges facts, Defendants deny the truth of those allegations.

57.     Paragraph 57 of the Complaint asserts conclusions of law to which no response is required.

58.     Paragraph 58 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.  To the extent that any allegation was not responded to completely, such allegation is hereby denied.

59.     Paragraph 59 of the Complaint asserts conclusions of law to which no response is required.

60.     Paragraph 60 of the Complaint asserts conclusions of law to which no response is required.

61.     Paragraph 61 of the Complaint asserts conclusions of law to which no response is required.

62.     Paragraph 62 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 62 of the Complaint alleges facts, Defendants deny the truth of those allegations.

63.     Paragraph 63 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 63 of the Complaint alleges facts, Defendants deny the truth of those allegations.

64.     Paragraph 64 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 64 of the Complaint alleges facts, Defendants deny the truth of those allegations.

65.     Paragraph 65 of the Complaint asserts conclusions of law to which no response is required.

66.     Paragraph 66 of the Complaint asserts conclusions of law to which no response is required.

67.     Paragraph 67 of the Complaint asserts conclusions of law to which no response is required..

68.     Paragraph 68 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.   To the extent that any allegation was not responded to completely, such allegation is hereby denied.

69.     Paragraph 69 of the Complaint asserts conclusions of law to which no response is required.

70.     Paragraph 70 of the Complaint asserts conclusions of law to which no response is required.

71.     Paragraph 71 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 71 of the Complaint alleges facts, Defendants deny the truth of those allegations.

72.    The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 72, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

73.    Paragraph 73 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 73 of the Complaint alleges facts, Defendants deny the truth of those allegations.

74.    Paragraph 74 of the Complaint asserts conclusions of law to which no response is required.

75.    Paragraph 75 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.  To the extent that any allegation was not responded to completely, such allegation is hereby denied.

76.    Paragraph 76 of the Complaint asserts conclusions of law to which no response is required.

77.    Paragraph 77 of the Complaint asserts conclusions of law to which no response is required.

78.    The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 78, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

79.    Paragraph 79 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 79 of the Complaint alleges facts, Defendants deny the truth of those allegations.

80.     Paragraph 80 of the Complaint asserts conclusions of law to which no response is required.

81.     Paragraph 81 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.  To the extent that any allegation was not responded to completely, such allegation is hereby denied.

82.     Paragraph 82 of the Complaint asserts conclusions of law to which no response is required.

83.     Paragraph 83 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 83 of the Complaint alleges facts, Defendants deny the truth of those allegations.

84.     Paragraph 84 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 84 of the Complaint alleges facts, Defendants deny the truth of those allegations.

85.     Paragraph 85 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 85 of the Complaint alleges facts, Defendants deny the truth of those allegations.

86.     Paragraph 86 of the Complaint asserts conclusions of law to which no response is required.

87.     Paragraph 87 of the Complaint asserts conclusions of law to which no response is required.

88.     Paragraph 88 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.  To the extent that any allegation was not responded to completely, such allegation is hereby denied.

89.     Paragraph 89 of the Complaint asserts conclusions of law to which no response is required.

90.     Paragraph 90 of the Complaint asserts conclusions of law to which no response is required.

91.     Paragraph 91 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 91 of the Complaint alleges facts, Defendants deny the truth of those allegations.

92.     Paragraph 92 of the Complaint asserts conclusions of law to which no response is required.

93.     Paragraph 93 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.  To the extent that any allegation was not responded to completely, such allegation is hereby denied.

94.     Paragraph 94 of the Complaint asserts conclusions of law to which no response is required.  However, the Defendants state specifically that the subject Ordinance is not a "Zoning Ordinance" as the Plaintiffs are attempting to classify it.  As such, to the extent that the Plaintiffs are alleging that the cited law applies to the instant ordinance, such allegations are denied.

95.     Paragraph 95 of the Complaint asserts conclusions of law to which no response is required.

96.     Paragraph 96 of the Complaint asserts conclusions of law to which no response is required.

97.     Paragraph 97 of the Complaint asserts conclusions of law to which no response is required.

98.     Paragraph 98 of the Complaint asserts conclusions of law to which no response is required.  However, Defendants state specifically that the subject Ordinance is not a "Zoning Ordinance" as the Plaintiffs are attempting to classify it.

99.     Paragraph 99 of the Complaint asserts conclusions of law to which no response is required.  However, state specifically that the subject Ordinance is not a "Zoning Ordinance" as the Plaintiffs are attempting to classify it.

100.    Paragraph 100 of the Complaint asserts conclusions of law to which no response is required.

101.    Paragraph 101 of the Complaints asserts conclusions of law to which no response is required.  However, Defendants state specifically that the subject Ordinance is not a "Zoning Ordinance" as the Plaintiffs are attempting to classify it.

102.    Paragraph 102 of the Complaints asserts conclusions of law to which no response is required.  However, Defendants state specifically that the subject Ordinance is not a "Zoning Ordinance" as the Plaintiffs are attempting to classify it.

103.    Paragraph 103 of the Complaints asserts conclusions of law to which no response is required.  However, Defendants state specifically that the subject Ordinance is not a "Zoning Ordinance" as the Plaintiffs are attempting to classify it.

104.    Paragraph 104 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 104 of the Complaint alleges facts, Defendants deny the truth of those allegations.

105.    Paragraph 105 of the Complaint asserts conclusions of law to which no response is required.  However, the Defendants state specifically that the subject Ordinance is not a "Zoning Ordinance" as the Plaintiffs are attempting to classify it.  As such, to the extent that the Plaintiffs are alleging that the cited law applies to the instant ordinance, such allegations are denied.

106.    Paragraph 106 restates earlier allegations.  The Defendants rely upon their earlier responses to those allegations.   To the extent that any allegation was not responded to completely, such allegation is hereby denied.

107.    The Defendants are without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained paragraph 107, and for that reason, the Defendants deny the truth of the allegations set forth in this paragraph.

108.    The Defendants deny the allegations set forth in paragraph 108.

109.    The Defendants deny the allegations set forth in paragraph 109.

110.    Paragraph 110 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 110 of the Complaint alleges facts, Defendants deny the truth of those allegations.

111.    Paragraph 111 of the Complaint asserts conclusions of law to which no response is required.  To the extent that paragraph 111 of the Complaint alleges facts, Defendants deny the truth of those allegations.

## SECOND DEFENSE

The Defendants deny the truth of any allegation that has not otherwise been expressly and specifically admitted, averred, or denied.

## THIRD DEFENSE

The Court should dismiss this action because Plaintiff has failed to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The Court should dismiss this action because it lacks subject matter jurisdiction over the Defendants under the Eleventh Amendment to the United States Constitution.

## FIFTH DEFENSE

The Defendants do not have sufficient information or knowledge at this time to form a belief as to whether they may have additional, as yet unstated, affirmative defenses. The Defendants reserve the right to assert additional defenses in the event that the discovery in this matter reveals grounds for, or clarifies known facts resulting in grounds for, the additional defenses. The Defendants reserve the right to assert upon such a discovery the defenses that are specifically set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

**WHEREFORE,** the Defendants respectfully pray (i) that the Court enter its order dismissing the plaintiff's claims against the Defendants; (ii) that the Court enter its order by which the plaintiff takes nothing from the Defendants; (iii) that the Court enter its judgment against the plaintiff and in the Defendants favor; and (iv) that the Court grant to the Defendants other and further relief as the Court deems to be just and proper including costs of defense and attorneys fees in the subject case.

Respectfully Submitted,

MATTHEW D. WENDER,
DENISE A. SCALPH, and
JOHN H. LOPEZ

By Counsel

/s/ Thomas A. Rist
Thomas A. Rist
West Virginia State Bar # 9100
California State Bar # 238090
RIST LAW OFFICES
103 Fayette Avenue
Fayetteville, WV  25840
(304) 574-0222
(304) 574-0224 (fax)
tom@helpwv.com

/s/ Larry E. Harrah, II
West Virginia State Bar # 10527
FAYETTE COUNTY PROSECUTING
ATTORNEY'S OFFICE
108 East Maple Avenue
Fayetteville, WV 25840
(304) 574-4230
(304) 574-0228 (fax)
harrahlaw@gmail.com