IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

EQT PRODUCTION COMPANY,

      Plaintiff,

v.                                               CIVIL ACTION NO. 2:16-cv-00290

MATTHEW D. WENDER, et al.,

      Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO THE DECLARATION OF MATTHEW WENDER AND ITS ATTACHED EXHIBITS**

      Defendants submit this response to Plaintiff's objection to the Declaration of Matthew Wender and the exhibits attached thereto that Defendants' submitted with their Memorandum opposing Plaintiff's pending motion and in support of their own motion for summary judgment. For purposes of this Response, Defendants rely on Plaintiff's statement in its objection that the only claims at issue in its purported motion for summary judgment are its claims that the Amended Ordinance is preempted by state and federal law and that the Amended Ordinance exceeds the Fayette County Commission's statutory authority (CM/ECF # 37 at 3), notwithstanding that Plaintiff expressly briefed numerous other claims, including multiple constitutional claims, in its opening memorandum (CM/ECF # 33 at 25–30), and suggested it was withdrawing only "its argument claiming that the Commission did not have a rational basis for enactment of the Amended Ordinance, and asserting a substantive due process claim" in its Reply Memorandum (CM/EF # 36 at 2).[1]

///

---

[1] Plaintiff's position in its June 6, 2016 Objection is somewhat inconsistent with its further argument on its Takings and Contract Clause claims in its May 27, 2016 Reply Brief.  CM/ECF # 36 at 18–20.

1

I. **The Declaration of Matthew Wender and Its Attached Exhibits Present Relevant Evidence**

    A. **Plaintiff Raises Arguments Regarding the Fayette County Commission's Authority to Adopt the Amended Ordinance That, If Considered By the Court, Would Raise Factual Questions**

Defendants agree with Plaintiff that there are no disputed factual questions at issue in Plaintiff's preemption claims. Defendants disagree, however, that Plaintiff's have argued their claim that the Amended Ordinance is beyond the authority of the Fayette County Commission in such a way that it does not present factual questions.

In its Initial Memo, Plaintiff contended, as part of its authority argument, that the Amended Ordinance was beyond the Fayette County Commission's authority because it "is arbitrary, unreasonable, and unfairly discriminatory, bearing no substantial relation to the public health, safety, morals, or general welfare." CM/ECF # 33 at 23. Plaintiff now insists that it has withdrawn that argument. CM/ECF # 36 at 3 (specifically citing page 23 of the Initial Memo).

If it has withdrawn its factual challenge to the Fayette County Commission's authority to adopt the Amended Ordinance, then Plaintiff has essentially conceded that claim. W. Va. Code § 7-1-3kk expressly authorizes county commissions to "enact ordinances . . . for the elimination of hazards to public health and safety and to abate or cause to abated anything which the commission determines to be a public nuisance." In the Amended Ordinance, the Fayette County Commission expressly found, among other things, that "oil and natural gas waste contains . . . carcinogenic chemicals . . . and radioactive material . . . ;" that "the disposal of natural gas and oil waste constitute a hazard to the public health and safety of the citizens of Fayette County;" and that "the permanent storage and disposal of natural gas and oil waste, whether through underground injection or otherwise, constitutes a public nuisance[.]" CM/ECF # 32-1 at 1–2. In other words, in accordance with its authority under W. Va. Code § 7-1-3kk, the

Fayette County Commission expressly determined that the permanent disposal of oil and natural gas waste is a public nuisance, and enacted an ordinance to abate that public nuisance. That should conclusively resolve the matter.

Notwithstanding the express language of W. Va. Code § 7-1-3kk, the findings in the Amended Ordinance, and the well-settled principle that legislative findings such as those made by the Fayette County Commission "are not subject to judicial investigation" (Syll. Pt. 2, State ex rel. Ohio Cty. Comm'n v. Samol, 275 S.E.2d 2 (W. Va. 1980)), Plaintiff persists in maintaining that the Amended Ordinance is beyond the Fayette County Commission's authority. CM/ECF # 36 at 10–11. Plaintiff cites Sharon Steel Corp. v. City of Fairmont, 334 S.E.2d 616, 626 (W. Va. 1985), and suggests that it stands for the proposition that the Fayette County Commission does not have the power to determine "'that something is a nuisance which is by no law known to be such.'" CM/ECF # 36 at 10 (citing Sharon Steel). Plaintiff further cites Parker v. Fairmont, 79 S.E. 660, 661–62 (W. Va. 1913), and suggests that the Fayette County Commission does not have the authority to "'enact that any particular thing is a nuisance.'" CM/ECF # 36 at 11 (citing Parker).

As the United States Court of Appeals for the Fourth Circuit has explained, findings set forth in an ordinance

> are "legislative facts," the substance of which cannot be trumped by the fact finding apparatus of a single court. While a party challenging an ordinance can point to other factors not considered by the legislature to demonstrate that the legislature acted irrationally, it cannot subject legislative findings themselves to judicial review under a clearly erroneous standard or otherwise. To do so would ignore the structural separation between legislative bodies and courts and would improperly subordinate one branch to the other.

Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995), vacated on other grounds, 517 U.S. 1206 (1996). Moreover, the West Virginia Supreme Court has held, "[a]bsent

3

a claim that legislative findings are irrational or have no bearing on a legitimate state purpose, they are not subject to judicial investigation." Samol, 275 S.E.2d at 2. Plaintiff purports to have abandoned its rationality challenge to the factual findings in the Amended Ordinance, CM/ECF # 36 at 3, and in all events has failed to present even a scintilla of evidence that would support such a challenge. See, e.g., F.C.C. v. Beach Commcn's, Inc., 508 U.S. 307, 315 (1993) ("Those attacking the rationality of the legislative [enactment] have the burden to negative every conceivable basis which might support it."). Nonetheless, if the Court were to give Plaintiff's arguments under Sharon Steel or Parker any credence, then those arguments would present the fact question of whether the permanent disposal of oil and natural gas waste constitutes a public nuisance. In such a circumstance, the Declaration of Matthew Wender and the exhibits attached thereto would be relevant.

In Sharon Steel, the West Virginia Supreme Court of Appeals explained "that whether some activity or thing is a nuisance is generally a question of fact." 334 S.E.2d at 626. The Court further emphasized that, under West Virginia common law,

> "[a] public nuisance is an act or condition that unlawfully operates to hurt or inconvenience an indefinite number of persons. The distinction between a public nuisance and a private nuisance is that the former affects the general public, and the latter injures one person or a limited number of persons only."

Id. at 620 (quoting Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 354 (W. Va. 1945)). The Court further noted that "nuisance law has been particularly effective in addressing environmental problems," and favorably quoted Professor Rodgers' treatise:

> "There is simply no common law doctrine that approaches nuisance in comprehensiveness or detail as a regulator of land use and of technological abuse. Nuisance actions have involved pollution of all physical media—air, water, land—by a wide variety of means. . . . Nuisance actions have challenged virtually every major industrial and municipal activity which is today the subject of comprehensive environmental regulation—the operation of land fills, incinerators, sewage treatment facilities, activities at chemical plants, aluminum, lead and

4

> copper smelters, oil refineries, pulp mills, rendering plants, quarries and mines, textile mills and a hose of other manufacturing activities. . . . Nuisance theory and case law is the common law backbone of modern environmental and energy law."

Id. at 621 (quoting W. Rodgers, Jr., Handbook on Environmental Law § 2.1 at 100 (1977) (ellipses in Sharon Steel)). Accordingly, Plaintiff's arguments present the fact question of whether the permanent storage of oil and gas waste, including the underground injection of such waste, could constitute a public nuisance at common law. Because the evidence included in the Declaration of Matthew Wender and its attached exhibits has a tendency to make it more probable that underground injection of gas waste is a public nuisance, and because that fact is of consequence if Plaintiff is permitted to question the legislative findings of the Amended Ordinance, that evidence is relevant under Federal Rule of Evidence 401.

      **B.**    **Evidence Need Not Be Specific To the EQT UIC Well To Be Relevant**

Plaintiff also repeatedly insists that the evidence in the Declaration of Matthew Wender and its attached exhibits is not relevant because it is not specific to the EQT UIC Well. CM/ECF # 37 at 4, 6, 7. The flaw in the reasoning of this aspect of Plaintiff's objection is related to the flaw in the reasoning of its argument that the Fayette County Commission lacks the authority to abate a nuisance throughout Fayette County. Plaintiff insists that the Fayette County Commission "is without authority to 'brand' . . . all such activities that are being undertaken anywhere within the county a public nuisance." CM/ECF # 36 at 10. See also id. at 11–12 (complaining about the Amended Ordinance being a "county-wide ban").

Plaintiff's argument is flawed for three reasons. First, it has brought a facial challenge to the Amended Ordinance, and therefore must show that the Amended Ordinance is incapable of lawful application in any circumstance. See, e.g., Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 n. 5 (1982); Lewis v. Canaan Valley Resorts, Inc., 408

5

S.E.2d 634, 641 (W. Va. 1991) ("[A] facial challenge to the constitutionality of legislation is the most difficult challenge to mount successfully. The challenger must establish that no set of circumstances exists under which the legislations would be valid[.]"). Accordingly, relevant evidence on the question of whether gas waste disposal constitutes a public nuisance is not limited to facts involving Plaintiff's operation of the EQT UIC Well.

Second, the language of W. Va. Code § 7-1-3kk expressly authorizes the Fayette County Commission to enact a county-wide ban on activities that it determines constitute a public nuisance or hazard to public health or safety. W. Va. Code § 7-1-3kk (authorizing ordinances "applicable to the county in its entirety or to any portion of the county as considered appropriate by the county commission"). Evidence that gas waste disposal in one part of the county is a public health hazard and/or a public nuisance is sufficient to allow the Fayette County Commission to enact a county-wide ban on the activity. Consequently, relevant evidence is not limited to evidence related to the EQT UIC Well.

Third, Plaintiff's argument misreads the Parker case. In Parker, the West Virginia Supreme Court of Appeals held that the local government did not have the authority to single out an entity to abate a nuisance, in the absence of some well-grounded, generally applicable law declaring something a nuisance. 79 S.E. at 662. Rather, the local government should first "ordain and publish law which relates to all alike that are similarly situated, and then enforce the same." Id. That is precisely what the Fayette County Commission has done here. The evidence in the Declaration of Matthew Wender and its attached exhibits provides the basis for that action. Consequently, if the Court were to credit Plaintiff's argument under Parker, such evidence is relevant.

C.  **Defendant Wender's Testimony is Relevant, Necessary, and Particularly Competent**

Plaintiff suggests that Defendant Matthew Wender is incompetent to testify in this action because, in its view, "the individual views of members of a city council [cannot] prove the intent or meaning of an ordinance." CM/ECF # 37 at 5 (citing Cogan v. City of Wheeling, 274 S.E.2d 516, 518 (W. Va. 1981)). The authority on which Plaintiff relies to support that objection is inapposite for three reasons.

First, the rule from Cogan is not applicable in the circumstance presented by this case. In Cogan, the Court was presented with an effort by a party to offer testimony from an individual legislator to assist the court in the interpretation or meaning of a statutory provision. 274 S.E.2d at 518. A rule prohibiting reliance on the views of individual legislators to interpret a statutory provision makes sense in the context of statutory interpretation because that is a quintessential judicial function. In this case, however, Plaintiff has launched an effort to discount legislative findings of fact. A court owes great deference to such findings. State ex rel. Cities of Charleston, Huntington & its Ctys. Of Ohio & Kanawha v. W. Virginia Econ. Dev. Auth., 588 S.E.2d 655, 669 (W. Va. 2003). Whereas courts are generally competent to interpret statutes without resort to the testimony of legislators, courts are generally loathe to look behind legislative factual findings when the validity of an enactment is at issue. See, e.g., State ex rel. W. Va. Hous. Dev. Fund. V. Waterhouse, 212 S.E.2d 724, 735 (W. Va. 1974) ("We are guided by the salutary rule that a legislative declaration of purpose, while not conclusive, is entitled not only to respect but to a prima facie acceptance of its correctness." (internal quotation marks omitted)). Accordingly, whereas testimony from a legislator in the former circumstance may be inappropriate, it is certainly appropriate in the latter circumstance. Indeed, the United States District Court for the Southern District of West Virginia took the testimony of multiple members

7

of the West Virginia Legislature to determine the validity of a redistricting statute in Jefferson County Comm'n v. Tenant, 876 F. Supp. 2d 682, 688–89 (S.D. W. Va. 2012). Consequently, the Court may take evidence from Defendant Wender through his declaration.

Second, the testimony of an individual legislator is relevant to the events leading to the adoption of an enactment and where it is consistent with the statutory language and legislative history. Phillips v. Larry's Drive-In Pharmacy, Inc., 647 S.E.2d 920, 925 (W. Va. 2007). That is precisely the type of evidence included in the Declaration of Matthew Wender and its exhibits. Accordingly, that evidence is admissible.

Finally, Plaintiff's objection that Defendant Wender does not speak for the Commission goes to the weight that should be given his testimony, not to the question of whether it is admissible. Northeast Ohio Coalition for the Homeless v. Husted, Civ. No. 2:06-cv-896, 2016 WL 1047130 at *2 (S.D. Ohio Mar. 16, 2016).

**II.     The Declaration of Matthew Wender Does Not Implicate Fed. R. Evidence 403**

Plaintiff argues that the sixth and seventh paragraphs of Defendant Wender's declaration risk "unfair prejudice and confusion" because they do not relate to Plaintiff's operations, and therefore should be excluded under Federal Rule of Evidence 403. All "[e]vidence that is highly probative invariably will be prejudicial to the" opposing party. United States v. Grimmond, 137 F.3d 823, 831 (4th Cir. 1998). Accordingly, the prejudice to the other party must substantially outweigh the probative value of the evidence. United States v. Mohr, 318 F.3d 613, 619–20 (4th Cir. 2003). Moreover, the Fourth Circuit has expressly held that "in the context of a bench trial, evidence should not be excluded under 403 on the ground that it is unfairly prejudicial." Schultz v. Butcher, 24 F.3d 626, 632 (4th Cir. 1994).

8

Here, Plaintiff has not shown that the risk of unfair prejudice or confusion substantially outweighs the probative value of the evidence in Defendant Wender's declaration. Furthermore, because this is a proceeding before the Court, Rule 403 is inapplicable on the grounds of unfair prejudice. Consequently, the Court should overrule Plaintiff's objection under Rule 403.

### III. The Declaration of Matthew Wender and The Exhibits Attached Thereto Are Not Impermissible Hearsay or Expert Testimony

Plaintiff' hearsay objections are unfounded. With regard to statements that Defendant Wender heard at public meetings, such statements are relevant to Defendant Wender's state of mind and, therefore, are not hearsay. Fowler v. Boston Sci. Corp., Civ. No. 2:13-cv-03932, 2016 WL 2983696 at *4 (S.D. W. Va. May 20, 2016); Fed. R. Evidence 803(3).

The same is true of the effect of Dr. Vengosh's statements and Defendant Wender's conversation with a health professional on Defendant Wender's state of mind. Id. They are offered as evidence of Defendant Wender's state of mind as the President of the Fayette County Commission and the basis for the enactment of the Amended Ordinance. Moreover, because they go to the Fayette County Commission's purpose in adopting the Amended Ordinance, they do not constitute improper expert testimony from a lay witness.[2]

///

///

---

[2] Because the evidence in the Declaration of Matthew Wender and its attached exhibits are not expert testimony from a lay witness, FRCP 26(a)(2) does not apply. To the extent that Plaintiff's objection is based on FRCP 26(a)(2), that objection should be overruled because, in the absence of a court order setting a time for expert disclosures, the rule provides that disclosures are to be made 90 days before the date set for trial. FRCP 26(a)(2)(D). In this case, the scheduling order did not include an expert disclosure deadline and was issued less than 90 days before the June 10, 2016 hearing date. CM/ECF # 31. Moreover, it did not become clear that Plaintiff would continue to attack the legislative findings in the Amended Ordinance until Plaintiff filed its Initial Memo on May 6, 2016. Accordingly, proceeding in this matter without FRCP 26(a)(2) disclosures is substantially justified.

**CONCLUSION**

For the foregoing reasons, the Court should overrule Plaintiff's objection to the Declaration of Matthew Wender and the exhibits attached thereto.

Respectfully submitted,

**/s/ Derek O. Teaney**
DEREK O. TEANEY (W. Va. Bar No. 10223)
Appalachian Mountain Advocates, Inc.
P.O. Box 507
Lewisburg, WV 24901
Telephone: (304) 793-9007
Facsimile: (304) 645-9008
dteaney@appalmad.org
*Counsel for Defendants*

Thomas A. Rist
Rist Law Offices
103 Fayette Avenue
Fayetteville, WV 25840
*Counsel for Defendants*

Larry E. Harrah, II
Fayette County Prosecuting Attorney's Office
108 East Maple Avenue
Fayetteville, WV 25840
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

EQT PRODUCTION COMPANY,

       Plaintiff,

v.                                  CIVIL ACTION NO. 2:16-cv-00290
                                              (Judge Copenhaver)

MATTHEW D. WENDER, in his official capacity
as President of the County Commission
of Fayette County, West Virginia,
DENISE A. SCALPH, in her official capacity
as a Commissioner of the County Commission
of Fayette County, West Virginia, and
JOHN H. LOPEZ, in his official capacity
as a Commissioner of the County Commission
of Fayette County, West Virginia,

       Defendants.

**CERTIFICATE OF SERVICE**

       I, Derek O. Teaney, hereby certify that on June 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy M. Miller
Christopher B. Power
Robert M. Stonestreet
Matthew S. Casto
Babst Calland Clements & Zomnir
BB&T Square, Suite 1000
300 Summers Street
Charleston, WV 25301
*Counsel for Plaintiffs*

Larry E. Harrah, II
Fayette County Prosecuting Attorney's Office
108 East Maple Avenue
Fayetteville, WV 25840
*Counsel for Defendants*

Thomas A. Rist
Rist Law Offices

11

103 Fayette Avenue
Fayetteville, WV 25840
*Counsel for Defendants*

/s/ Derek O. Teaney
DEREK O. TEANEY (W. Va. Bar No. 10223)